UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL E. PERSON,                  :
    Petitioner,               :
                              :           PRISONER
    v.                        :  CASE NO. 3:04CV1755(WIG)
                              :
WARDEN SIEMINSKI,                   :
    Respondent.               :

RULING AND ORDER

Petitioner, Michael E. Person ("Person"), brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1998 conviction for murder and criminal trespass. Respondent has moved to dismiss on the ground that the petition is time-barred. For the reasons set forth below, respondent's motion is granted.

I.  Background

After a jury trial in the Connecticut Superior Court for the Judicial District of New Haven, Person was convicted of murder and criminal trespass in the first degree. On March 6, 1998, he was sentenced to a total effective term of imprisonment of forty-eight years. Person's conviction was affirmed on direct appeal. See State v. Person, 60 Conn. App. 820, 761 A.2d 269 (2000). The Connecticut Supreme Court denied his petition for certification on January 3, 2001. See State v. Person, 255 Conn. 926, 767 A.2d 100 (2001).

On August 28, 2001, Person filed a petition for writ of

habeas corpus in state court.  The state court denied the petition on January 20, 2004, after a hearing on the merits.  Person did not appeal the denial of the petition.

Person commenced this action by petition dated September 22, 2004.[1]  Respondent has moved to dismiss on the ground that the petition is untimely.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended § 2244(d)(1) to now impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1]The Second Circuit has held that a pro se prisoner's petition for writ of habeas corpus is considered filed as of the date the prisoner gives the petition to prison officials to be forwarded to the court.   See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir.) (extending prisoner mailbox rule to pro se habeas corpus petitions) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)), cert. denied, 534 U.S. 886 (2001).

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

III. Discussion

Person's conviction became final on April 3, 2001, at the expiration of the time within which he could have filed a petition for writ of certiorari to the United States Supreme Court. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.) (holding in case where petitioner had appealed to state highest court, direct appeal also included filing petition for writ of certiorari to Supreme Court or the expiration of time within which to file petition), cert. denied, 534 U.S. 924 (2001). The limitations period began to run the following day. Thus, Person had one year to file a petition for writ of habeas corpus in federal court.

Person filed a petition for writ of habeas corpus in state court on August 28, 2001. The limitations period is tolled by the filing of a state habeas petition. See 28 U.S.C. §

2244(d)(2).  Thus, the limitations period was tolled after 146 days had elapsed.

The state court denied the petition on January 20, 2004. Person did not appeal the denial.  Thus, the limitations period began to run again on February 10, 2004, after the conclusion of the time within which Person could have filed his appeal with the Connecticut Appellate Court.

Person commenced this action by petition dated September 22, 2004.[2]  Thus, Person filed his petition on the 224th day after the limitations period recommenced.  Combining the two periods, Person filed his petition on the 370th day, five days too late.

The Second Circuit has held that the limitations period set forth in 28 U.S.C. § 2244(d) may be equitably tolled. See Smith v. McGinnis, 208 F.3d 13, 15-17 (2d Cir.) (adopting the position that "the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period"), cert. denied, 531 U.S. 840 (2000).  Equitable tolling applies, however, only in "rare and exceptional circumstances," id. at 17, and requires the petitioner to "demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary

---

[2] Person argues that he submitted his federal petition on August 22, 2004.  This statement is incorrect.  Person signed the declaration at the end of the petition on September 22, 2004. Thus, he could not have given the petition to correctional officials for mailing before that date.

4

circumstances 'beyond his control' prevented successful filing [of his petition] during that time." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (citation omitted).  The burden is on the petitioner to demonstrate that equitable tolling is warranted.  See Smith, 208 F.3d at 17.

Person has presented no argument in his opposition to the motion to dismiss suggesting that equitable tolling should be invoked.  Accordingly, respondent's motion to dismiss is granted and the petition is dismissed as time-barred.

IV.  Conclusion

Respondent's Motion to Dismiss [**doc. #19**] is **GRANTED** and Person's Motion for Relief Requested in Petition [**doc. #9**] is **DENIED.**

The Supreme Court has held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In addition, the Court stated that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.  This court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that Person timely filed his petition.  Accordingly, a certificate of appealability will not issue.  The Clerk is directed to close this case.

This is **not** a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [doc. #12] and, on June 6, 2005, the case was transferred to the undersigned for all purposed including the entry of judgment.

**SO ORDERED** this ___9th___ day of September, 2005, at Bridgeport, Connecticut.

                                             /s/ *William I. Garfinkel*
                                             WILLIAM I. GARFINKEL
                                             UNITED STATES MAGISTRATE JUDGE