UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


MICHAEL E. PERSON,                    :
      Petitioner,              :
                            :                    PRISONER
        v.                        :     CASE NO. 3:04CV1755(WIG)
                            :
WARDEN SIEMINSKI,                     :
      Respondent.              :


RULING AND ORDER

On September 9, 2005, the court granted respondent's motion
to dismiss the petition and denied petitioner's motion for
relief.  On September 21, 2005, petitioner filed a motion asking
the court to reopen this case and reconsider its decision.  For
the reasons that follow, petitioner's motion is denied.

As an initial matter, petitioner challenges the authority of
the undersigned to decide this case.  He states that he did not
consent to the exercise of jurisdiction by a magistrate judge.
He also contends that the case could not have been transferred in
June 2005, because respondent did not make a "Return" until
August 2005.

Petitioner is incorrect.  Counsel for respondent filed her
appearance on March 15, 2005.  (See Doc. #7.)  In addition,
petitioner signed the consent form, which is attached to the
order of transfer, on May 9, 2005.  (See Doc. #12.)  Thus,

petitioner did consent to the exercise of jurisdiction by a magistrate judge and the transfer of this case to the undersigned was proper.

The standard for granting a motion for reconsideration is strict.  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Id. The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence...."  LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

Petitioner argues that the court should have equitably tolled the limitations period because he almost filed his petition timely, he earned only $.75 per day and has limited access to the law library.  He also states that no notice concerning the limitations period was posted.

Petitioner argues that he had limited access to the law library.  His federal petition, however, reiterates the claims from his direct appeal and does not contain any additional claims.  Petitioner does not indicate how limited access to the

law library impeded his ability to file the federal petition.  In addition, petitioner does not indicate how his limited prison earnings limited his ability to file the petition timely.  He was not required to submit any copies of his petition with the initial filing.

Petitioner also contends that he is entitled to equitable tolling because he was not afforded actual notice of the limitations period.  "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991). See also Fierro v. Cockrell, 294 F.3d 674, 684 n.18 (5th Cir. 2002) (citing cases for the propositions that lack of notice of the limitations period and an inadequate law library do not warrant equitable tolling); Whalem/Hunt v. Early, 204 F.3d 907 (9th Cir. 2000) (explaining that inmate's unawareness of AEDPA provisions and inadequate law library were insufficient to explain untimely habeas petition); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 1999) (alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), cert. denied, 531 U.S. 1035 (2000).

Petitioner has not identified any evidence or law that the court overlooked in reaching its decision.  Accordingly, his request for reconsideration is denied.

Petitioner's motion to reopen this case and reconsider the

decision [**doc. #24**] is **DENIED.**

     **SO ORDERED** this ____14th____ day of October, 2005, at

Bridgeport, Connecticut.

                        */s/ William I. Garfinkel*
                        WILLIAM I. GARFINKEL
                        UNITED STATES MAGISTRATE JUDGE